Case number 24-3033. United States of America v. Mark L. Clark Appellant. Mr. Macchiarelli for the Appellant. Mr. Goodhand for the Appellant. Mr. Macchiarelli, please proceed when you're ready. May it please the Court. I represent Mark Clark, who is directly behind me in the first row. We've raised a number of arguments on appeal. I would like to begin with the Court's permission, focusing on the two issues that the District Court found were substantial legal questions to warrant bond on appeal. One, the instruction regarding willfulness, and two, the finding of sufficient evidence for bodily injury to satisfy count one of the indictment that applied to Mr. Tolan. Addressing the issue of the instruction on willfulness, the District Court instructed the jury that it need not find that Officer Clark knew he was violating the law when he took the actions that he did. That is directly an opposite to Supreme Court precedent in Bryant and subsequent cases, the government's own proposed jury instruction pretrial, the Civil Rights Division's position on what is required in order to establish willfulness. In ultimately addressing this issue post trial, Judge Nichols relied upon a 1976 decision, I believe in United States v. Elickman, based upon this Court's interpretation that willfulness could be satisfied by a recklessness standard. Respectfully, Your Honors, I believe that Supreme Court precedent, even recognized by the Department of Justice, cautions that the standard should be that somebody needs to know that they are violating the law is unimaginable. Can I ask you on this court? Can I ask you, Counsel, do you disagree that under Ehrlichman, your argument can't be correct? If this I would agree if this court upheld Ehrlichman as current law, that would be correct. I would argue that the court in Ehrlichman did not have the benefit of the Supreme Court precedent in subsequent years interpreting what willfulness means the various different other circuit decisions interpreting willfulness. For example, one could not imagine that one a criminal defense, the government would be held to a higher standard to prove willfulness in a anti kickback statute, as was recently decided that applying Bryant that the lawfulness, um, that a defendant has to know what he's doing was unlawful at the time, but apply a lower standard to law enforcement officers who are engaging in civil rights offenses. One could know that we're clear you did not object to the sentence at issue here. You respectfully, Your Honor, I think it's a very difficult factual history to kind of review. So did you object or not? The district court said in denying your motion for a new trial that there was no objection. I didn't see in your brief where you cited a transcript where you objected. So, Your Honor, the defense defense proposed its own jury instruction. That jury instruction was rejected by the court. The court also rejected the government's instruction. The court fashioned its own instruction. The government then objected to that instruction again, and that is exactly where this additional language comes in. To answer your question, Your Honor, I don't want to dance around it. Ultimately, when the judge says there any more objections, I did not object. But one, I did not waive my previous objections to the instruction that I proposed pre trial. Um, and throughout the court, where did you object to the instruction ever? Well, you're on. I said you proposed your own instruction, and that's fine. But if the judge declines to give your proposed instruction, then your obligation is to say, Your Honor, I object to the instruction that you're to give because it's different than my instruction, and it's different in a way that's wrong, and it prejudices my client. And you can explain and make a record and give the district court an opportunity to correct the error if there is one. That's why we require parties to object, and I don't see where that happened. Am I missing something? Your Honor, I would say that there was numerous discussions on the record of what the instruction should be, and the district court noted that the government that the defense raised its own objection that it was not going to be following its its proposed instruction was going to fashion an instruction. Um, sure. That case indicates that that word has many meanings and kind of depends on the context. And so how does that help you? Um, it's going to depend on the context when you have the later cases of screws. Yes, because if you look at the purpose of which this statue was created from its initial statute and screws and other literature, it was to to propose a heightened standard of proof of, you know, I wouldn't say evil intent, but much more than very bad purpose. And that's why the Civil Rights Division identifies Brian as authority for proving must prove that an individual know that he is violating the law when he engages in such action in order to be willful. Various courts have and scholars have questioned whether the standard should be lower because it is too high. There is no, and I'm aware of that the standard that this is not a case that should not have the normal definition of willfulness as applied in criminal statutes by Supreme courts and other circuits. I would just note the issue of um, I would instruction and start with language that is directly contradicted by existing precedent. It taints that instruction and creates confusion. And you could see in jury notes about what was actually the seizure. What was the bodily injury? It was and, uh, you were talking about contact to the neck at times during the actions of Officer Clark during the arrest that did not result in any injury that did not result in in any kind of inability to breathe or anything of those circumstances as to uh, thank you. So well, as to toll and there was no, there was no representation that he had even believed he had been choked or any injury as to him. His only injury was to his calf. As to Coleman, there was a reference to an abrasion. Um, but Mr Coleman made no reference to being injured in his submission of a medical report where he talked about, you know, being schizophrenic and wanted to harm himself and to harm others. Judge Wilkins, going back to your point, I would cite the, uh, that this I consider this to be plain error. Even if the court finds that in raising our own proposed instruction, the district court rejecting that instruction, the district court fashioning its own instruction, the government coming back and saying, well, I don't think that that's correct. I don't think somebody needs to know that they violated a constitutional provision. Giving the government credit. I believe the government meant to say a specific constitutional provision like the Fourth Amendment or the Fifth Amendment, which the law says you don't need to know the specific law you're violating or the specific amendment, but you need to know you're violating the law. The district court ran with that and added in a line that nobody asked for. And specifically, the government proposed the exact opposite pretrial, which was, you know, that you need to know that you are violating the law. And even even the instruction that, um, even thanks. Even the instruction that you proposed pretrial didn't contain the language that would have required knowledge, right? No, that that specifically was following the Red Book instruction on specific intent as being the heightened intent element. But no, there was nothing in there that said one way or the other. But surely nothing was proposed like the district court ultimately found that you did not need to know that one in terms of plain error. The district was instruction was consistent with the Ninth Circuit's decision, right? I mean, the Ninth Circuit has a holding directly on this issue under this statute that says that knowledge is not required. I, Your Honor, I am not. I believe the district court cited that, but ultimately relied upon the circuit's decision or a lich man to kind of bypass the kind of, you know, interpretation of, um, cases post. I think if the standard is plain error, actually, so not just that you have to show that that there was error, but that the error was plain. The argument that the air was playing would have to overcome the fact that there's circuit decisions outside this. Let's just discount. Ehrlichman, I'll just assume that for present purposes give you the benefit of that assumption for now. Um, but you have to overcome the fact that there's decisions from other circuits that would say that not only was it not plainly erroneous, but it wasn't even erroneous because they sanctioned the kind of instruction that the district court gave you. And I would think you are. That is overwhelmed. The evidence being the other circuit and patent jury instructions, the Civil Rights Division position, the subsequent Supreme Court decisions, the interpretations of the various other statutes where the government simply says, Well, that's not 2 42. All that would establish plain error. I seem to be out of time, but I just want to briefly address the issue of bodily injury as before you go there. I mean, I think what I understand you to be saying as far as the specific air is, and I have my own concerns about this, and I'll have my questions for the government when they stand up about this is that, um, if you're going to say it's not necessary for you to find that the defendant knew that he was acting unlawfully, that that language from Ehrlichman was in the context of somebody, you know, trying to present some sort of mistake of law or advice of counsel or, um, similar defense. And you can violate the statute if you have a reckless disregard or, um, the Constitution or for the law. And so is it your contention that if you're going to include this language about it's not necessary for you to find that the defendant knew he was acting unlawfully, you have to couple that with what Ehrlichman said that this language was in the context of, which is a requirement that you at least have to find that there was a reckless disregard. And this instruction did not include the reckless disregard language. And so for that reason, it's wrong. Is that your argument? My Your Honor, that is what I would consider my secondary argument. If I had additional time to get to it would be. You just can't drop this in without making any reference to recklessness before a jury, especially when there's been no discussion or analysis of why a conduct was reckless, no expert testimony, anything like that. I would ultimately go to the position that's recent Supreme Court precedent. The Civil Rights Division's own position, um, attempts to amend the statute to bring it to a reckless standard. All evidence that the current standard should be on willfulness as as defined by the Supreme Court. But your point is extremely well taken. It would be my backdrop that you have to provide the context and at least some discussion of recklessness. Your Honor's. I apologize. I raised a number of issues. Sure, sure. That you spent a lot of time here. Yes. I wanted to know, are you still coupling that with a separate argument on jury instructions? You're absolutely right, Your Honor. So I think it's correctly a variance. I know of arguable constructive amendment and variance. They're talking about the excessive force, which is the objective standard of an officer at the time of using force. That being, as you said, applying a chokehold as you framed it, not conduct that occurred minutes earlier, not conduct that occurred later. And the government's entire proof during trial was was there a violation of use of force policy by by escalating or not de escalating in a McDonald's way before the use of force? Was there a violation of the use of force policy after the physical conduct and continuing to talk to Mr Tolan when Mr Tolan was using expletives at the officers that expanded what the liability was. And the jury asked very specific questions during a deliberations, which took over five days. One. What is the seizure here? And Supreme Court precedent under Torres says the seizure is when you apply force with the intent to restrain. I would be arguing applying the physical contact at that time, not the conduct before, not the conduct after. And they also asked, Well, is it focused? Is the injury focused on the body parts that are described in the jury instructions to the neck area? All part of the what you described as a chokehold. And again, the the district court allowed the liability to be expanded, and the government drew it. But you did not object when the district court asked if there was an objection to how he was going to answer the jury note. Um, my recollection is that there was no objection. And you said something like, you know, basically under the law, that's what you have to say or something like that, right? Oh, it was definitely a very strenuous objection to the issue of the scope of what the seizure was. And that is at length. Well, I'm talking about the  where the jury asked is the body part that that has to be injured. Is it gotta be the same body parts described in the counts in the indictment? And the judge essentially answered that no. And I did not see an objection to that answer was there. Did I miss that? My recollection is, Your Honor, that I believe that should have been applied to, um, the charged conduct. And I apologize. I don't have a reference handy, but I don't believe that was the case. If I did, if the court's recollection differs, I trust the court on that issue. I believe I've reserved two minutes for additional questions. Make sure my questions. We'll give you some time for rebuttal. Thank you. We'll hear from the government now. Thank you, Your Honors. May please court did a good hand for the United States if I could take the issues as they've been presented by my opponent first turning to plain air. I won't dwell on this long, but my opponent has suggested there's a difficult factual history here. There's no difficult factual history here. The factual history is the judge came up with an instruction. The judge gave the instruction of the parties. The judge asked any objections in the court and the court and neither the United States nor the defendant objected. And, in fact, after the court read the object of the instructions pursuant to the federal rules, the court said any problems, any objections and again, defense counsel said no. So, um, and as we've described in our brief, frankly, I think if you look at the post trial hearing in this context, um, my opponent has actually already conceded that he did not put this particular claim in front of the juror, the judge. Um, and in that context, I also want to move on to, uh, my opponent's other concession, which is that he agrees that if Erlichman is somehow not undermined, um, then he has lost on this issue. There is nothing that I've seen him point to that would suggest Erlichman has been undermined. I know that he has suggested that Brian has somehow effected a sea change in the law. I would suggest the exact opposite. Brian, um, simply recognized that willfulness is subject to a contextual analysis. We need to understand what the statute is designed for, what it's getting that in mean screws did that analysis. They did, as did did did Erlichman and Erlichman mentioned the sentence, which let's just review the bidding here. The instruction proposed by the government did not include the sentence at issue here. You agree with that? Absolutely. And and the and the O'Malley treatise that on federal pattern jury instructions, it does not include that sentence. That's correct, right? The district or basically went out of its way or did its own research and decided to include a sentence that neither party asked for. So we're clear that that's the history, right? Yes. Okay. So my question to you is, is the Constitution law is I'm sorry. You're on the Constitution law. Um, it certainly is. Constitutional rights are so. So if you violate the Constitution, you're violating law. Yes. So why are you giving an instruction here that says it's not necessary for you to find that he knew he was acting unlawfully? Because that would mean that it's not necessary to prove that he knew that he was violating the Constitution. How is that consistent with the rest of the paragraph? I think it's entirely consistent, and most particularly, I think it's entirely consistent with screws. I understand screws to stand for the proposition that Bruce said that you have to have a purpose to violate the Constitution. It did. It says those very words, right? How can you have a purpose to violate something if you don't know that you're violating? Well, Your Honor, I think, um, I would direct the court's attention to the Ninth Circuit decision in Reese, which the district court relied on care about the Ninth Circuit. I care about the Supreme Court. I understand, Your Honor. And in Reese, they discussed what they called the apparent paradox in screws. That is the language you've cited relating to purpose to violate a constitutional right on the one hand. And on the other hand, Reese notes, um, screws flatly declares when you're when you were committing your acts, you're wrongful acts. You don't have to be thinking in constitutional terms. And so what Reese does, Reese says, Look at those two things. How are they not incompatible? And Reese says the paradox is solved by screws is referenced to reckless disregard. That is. But why is it reckless disregard in this instruction? Then? Well, I think you know, the district court, um, and this is, um, at page, um, excuse me, um, a 12 32. The district court, as it explains in his post trial trial ruling is, is sort of trying to make understandable for the jury, which is its duty, a very difficult area of the law. So to import reckless disregard, um, wasn't necessary. I would suggest when you have this language, you must find that the defendant intended to use more force than reasonable under the circumstances. And and again, Reese, I think, is very instructive on this. Reese says, quote, intentionally wrongful conduct that contravenes a right that has been definitely established in the law. Evidence is a disregard for that right, which is the legal equivalent of willfulness. And that's it. Two F. Third 881. So you didn't have to dump in reckless disregard into this instruction. You just had to make my concern is that instructions should elucidate rather than confuse the jury and elucidate the law. So you have a an instruction that says in the first sentence he acts willfully if he acts with specific intent, and that's the intent to in fear with their right not to be subjected to unreasonable force. So he has to intend to essentially violate their rights. And then that follows with a sentence that says it's not necessary for you to find that he was acting unlawfully. But you've you've agreed that one acts unlawfully if one violates the Constitution because the Constitution's law. Sure. So one acts unlawfully if they're violating someone's constitutional rights. So how does the first sentence make sense in light of the second? The first sentence says you have to have a specific intent to violate a right not to be subjected to unreasonable force, and then you follow it with. It's not necessary that he knew that he was acting unlawfully. How does any of that make sense? Unless you say as long as he is acting recklessly, which isn't in the instruction again, I think it makes sense. I would have a much more difficult argument, Your Honor. If screws hadn't expressly approved of a reckless disregard mens rea in this in this context, I wouldn't be able to stand here and make the argument that I'm making. If screws, the Supreme Court hadn't already said this was somehow the jury was supposed to know that that sentence meant reckless disregard, even though it didn't say reckless disregard. I don't think I don't. I don't understand jury instructions to require the jury to understand specific terms of art relating to mens rea. I think the jury instructions have to ensure that in the sex of mens rea, most fundamentally, that wrongful conduct is separated from innocent conduct and that we are not, you know, again, this is all against the backdrop of ignorance of the law. Mistake of law. It's a fundamental canon is not an excuse. And so the Supreme Court, um, you know, has the statute says willful. I'm sorry, except that we have a statute that says willful violations and and we right. So whatever the general rule about ignorance of the law is no excuse. We still have a statute that we have to be faithful to, and that was construed in screws screws to require that you have a purpose to violate the Constitution. Well, again, I think maybe that's some in artful language in screws, but the paradox that Reese discusses is resolved when you look at the larger context of the screws decision number one and number two. I want to make sure we understand that willfulness doesn't necessarily mean knowledge that you're breaking the law. Brian alone says that. And if you look at, um, page 1 91 no 12 of Brian 5 24 U. S. Brian recognizes that under the wide spectrum of willfulness, it includes quote conduct marked by conscious disregard. So again, in the context of looking at willfulness and looking what it means, we have to look at the context. Screws did that for us in this case and said in the context of 2 42 it can mean willful disregard. I mean, excuse me, reckless disregard. I'm not going to beat the dead horse. I is that why doesn't the instruction say conscious disregard is good enough? Recklessness is good enough. I'm going to put this sentence in that says it's not necessary for you to find that the defendant knew he was acting unlawfully. Why shouldn't the rest of the sentence be so long as you find that he was acting with conscious disregard or reckless disregard? Your Honor, that certainly a possibility. But if we're in the context of talking about possibilities relating to this instruction, then we're out of the context of plain air. So if nothing else, if reasonable minds can disagree about the clarity of this instruction, and if reasonable minds can disagree about whether or not the judge should have had an add on clause, then I think we're in the country. I think that's a fair point. So maybe it's not plain error. But would you agree with me then that it was error to not have included that language, given that that's what screws and Bryant in Ehrlichman really seemed to be getting it? Absolutely not. Absolutely not. I think this instruction is entirely in keeping with, um, in the context of excessive force in an unlawful seizure and scenario, I would direct the court to the Reese decision. I know this is not from this circuit, but I also directed court to the Prano decision from the Seventh Circuit. And if you look at those cases, you will see those two decisions have blessed language that is virtually identical to the type of language that district court can ask you. So, um, what does willfulness add in this context? So, Brian, Brian adopts a general rule, a general assumption, at least that in the criminal context from the word willful is in a statute says, in other words, in order to establish a willful violation of a statute, the government must prove that the defendant acted with knowledge that his conduct was unlawful. That's the general rule for a criminal statute. You have to be taking the position that a general doesn't apply under 2 42 because if that general did apply, then this instruction would have been wrong, right? Okay, so this is an exception to the general rule. Yes. And then I guess my question is, what does willful add in this context? Because we already know, as a general matter, the defendant has to intend to do the acts that are unlawful, but doesn't have to doesn't have to know what the law is. So it doesn't have to necessarily know that the law that the acts that do violate the law actually violate the law. So what does willful add? Willful adds a great deal here. It is not insignificant that the court instructed the jury. You must find the defendant intended to use more force than was reasonable under the circumstances. Not just that he intended to use force. You have to find he used more force than was reasonable under the circumstances. That is the precise constitutional guarantee that is at stake here. And in that sentence, I would suggest you were asking the jury to ensure that that was his purpose. That adds a lot. And if I could back up just general, just one quick point here. Again, we operate against the backdrop of the fundamental canon. Ignorance of the law is not an excuse. The Supreme Court has said, consistent with that canon, and I'm quoting now, courts must read into statutes only the mens rea necessary to separate wrongful conduct from otherwise innocent conduct. And that's Carter versus the United States, 530 U.S. at 269. And that's what happens in screws. Screws looks at the greater purpose is what they call it in section 242, which is to protect an individual similarities. And screws looks at that greater purpose, the exact context for willfulness here. And screw says, you know what? What we're going to do to make sure that we don't ensnare innocent conduct and to make sure that we punish, on the other hand, wrongful conduct, we are going to ensure that either you act with a specific purpose to violate a constitutional right, or at a minimum, you exercise reckless disregard. And again, I think Reese is very powerful on this point. Reckless disregard means intentionally wrongful conduct that contravenes a right definitely established in the law and evidences a reckless disregard. That is a very significant standard to meet. And that's a variation on the sentence that I would suggest carries the water here, which is the defendant intended to use more force than was reasonable under circumstances. And again, if nothing else, I'm certainly not at all acknowledging slash conceding slash giving up on the core point here that this instruction was entirely correct. The district court obviously spent many, many, many hours working on this instruction. And if you look at the post trial ruling, you will see how thoughtful he applied himself to this. And now I understand thoughtfulness doesn't necessarily always equate to non erroneous. But I think you will see that he took some difficult disparate strands of law that came from a somewhat difficult screws decision and came to a very understandable jury instruction. Understand different than prosecutor proposed different than what is in pattern. Your instruction is well, precisely because if you introduce that sentence, it confuses things. Again, I essentially, it essentially raises the paradox that a resource had to try to reconcile. I, again, you know, we obviously are coming at this from different angles. But again, I think this was, in fact, a, an instruction that was true to every sentence of screws. And in particular, the reckless disregard language in screws. That's what this instruction is. It's true to the Supreme Court precedent that governs this precise context. How is it appropriate to instruct the jury that they could find Mr. Officer body parts mentioned in the indictment? Well, a couple of couple of things. As I understand the jury's question, they were just asking when the indictment and the jury, the court's instructions referred only to the trachea, the windpipe and the front of his neck or the jugular vein. And this is transcript 267 to 68. Those are the court's instructions. The jury was asking when we're considering injury, are we confined to those body parts? And as even the defendant agreed when they were discussing this, and this is his concession, is that Appendix 1033, the injury did not need to be limited to just those body parts. And that's entirely consistent with the statute. What did have to happen? And the court ensured this happened is the jury had to find that the injury that they that the jury signed off on was a product of the excessive force. And so the court instructed it a 1044. The injury must result from the willful use of unreasonable force. So we have a precise cause and effect. The jury couldn't go off on a frolic and a detour and make a decision about, oh, OK, well, this injury may or may not happened with the scooter, which preceded the use of excessive force. And so we're finding that that injury sufficed here. No, the court was very clear. The injury must result from the willful use of unreasonable force. So, again, I think this is precisely what you want district courts to do. They considered a question. They clarified the confusion and did so in complete adherence to the law. I'm sure my colleagues don't have additional questions on the issue with respect to the jury question, you know, the challenge about whether or not there was a question on legal seizure versus on legal injury. Yes. Again, I consider the court's approach to that precisely what you want courts to do. The jury asked for, quote, the legal definition of seizure, the judge gave the legal definition of seizure. But. Sure. And right. And the court in its in its supplementary in its supplementary instruction, the court referred the jury back to the general definition of reasonableness. So the jury asked for something, the court gave it. And, you know, the instruction is is entirely consistent with Section 242 liability, which must depend on a finding of unreasonable physical force. And that's at a ten fifty. So I think the judge did what you want courts to answer the question correctly. Thank you, counsel. We would ask that you affirm the judgment and conviction below. Thank you. I will give you the two minutes you asked for for rebuttal. Thank you, Chief Judge. Judge Wilkins, going back to your specific question of the government, not only was the judges, the district courts addition of that additional language not requested by either party. It is exactly opposite to what the government requested pretrial. And that's a record. Thirty three of the appendix when they pretrial told the court that in order to establish its burden and proof, it must show that that defendant was acting voluntary intentionally. And with this specific intent to do something that the law forbids, and your honors have been practicing lawyers and on the bench much longer than I have, but I have not seen where the government imposes burdens beyond what it's legally required to do so, especially pretrial, one has all the ability to reflect on what the appropriate law is and what the appropriate standard is in this case to go to the point that the government made in its argument that all is well. Members of the court, because the district court instructed that the force not be one I order or more than it was necessary. Well, that's the standard of the use of force policy for the Metropolitan Police Department, of which the entire government's case was was this a violation of policy? Was this a violation of policy? The problem with that is, as the district court instructed, as the defense requested, that does not establish a constitutional violation, a violation of MPD policy. So the jury's left with trying to figure out, well, is more force is a violation of policy. But does that rise to a constitutional violation? Is that what establishes willfulness? We've argued for about 20 minutes on what the appropriate instruction and the confusion that could result. Imagine a jury being told, you know, you don't need to believe you don't need to find that officer Clark knew what he was doing was unlawful or wrong. That is very clear terms, that's very not complicated words and allows them to find liability based upon arguably, you know, one I order of force more in violation of an MPD policy, which does not establish a constitutional violation. Getting to the issue of bodily injury, the government expanded its excessive force analysis to free attempted seizure, post attempted seizure when the whole crux of the case was was the force that officer Clark used when he specifically grabbed Mr. Tolan and ultimately seized him. Was that excessive when the when the jury said, can we consider body parts removed from the neck, the head, things of that nature? The district court gives the green light, but what does that allow for? Well, what is the testimony we heard is Mr. Tolan saying he hurt his back of his calf when the officer ran his bike into him. That's the evidence in the record. They chose not to call Mr. Tolan. That's Mr. Tolan's words. The government at trial says reject that, reject the only evidence we have from the complainant that it occurred when the bike went into his foot and just reject that and interpret it. Speculate that the injury to the foot must have occurred no fact witness nothing to support that when he was pushed up to the car. And that's what the government relies upon to sustain evidence sufficient to support a bodily injury connected to the alleged excessive force. The problem is the indictment charges excessive force relating to the neck contact and alleged choke hold as Judge trials are noted. Okay, thank you. Counsel. Thank you. Thank you to both counsel. Mr. Much earlier, you were appointed by the court to represent the appellant in this matter, and the court thanks you for your assistance. Thank you. Chief judge. We'll take this case under submission.
judges: Srinivasan; Wilkins; Childs